## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARION MAKEDA-PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3312 |
| | ) | |
| ILLINOIS SECRETARY OF STATE, | ) | |
| JESSE WHITE, DENISE | ) | |
| WESTNEDGE, and MISTY CASKEY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on the Motion to Dismiss (d/e 22) filed by Defendants Illinois Secretary of State Jesse White, Denise Westnedge, and Misty Caskey. The Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff Marion Makeda-Phillips has stated a plausible race discrimination claim pursuant to 42 U.S.C. § 1983 against Defendants Westnedge and Caskey. Plaintiff has also stated a plausible § 1983 race discrimination claim against Defendant White in his official capacity for prospective injunctive relief only. In addition, Plaintiff has stated a claim against her employer, Illinois Secretary of State Jesse White, under the Americans with Disabilities Act (ADA). The § 1983 race discrimination

claim against Defendant White in his individual capacity is DISMISSED WITHOUT PREJUDICE and with leave to replead while the claim for damages against Defendant White in his official capacity is DISMISSED WITH PREJUDICE. The claims against Defendants Westnedge and Caskey under the ADA are DISMISSED WITH PREJUDICE. Finally, Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE, with leave to replead.

## I. BACKGROUND

In November 2012, Plaintiff, proceeding pro se, filed a Complaint against Illinois Secretary of State Jesse White alleging discrimination on the basis of disability. In September 2013, Plaintiff filed an Amended Complaint adding Westnedge and Caskey as Defendants but only alleging a racial discrimination and harassment claim.

By way of a Text Order, this Court advised Plaintiff that an amended complaint supersedes the original complaint. See September 20, 2013 Text Order. Therefore, Plaintiff was directed to either file an Amended Complaint containing all of her claims against all of the Defendants or advise the Court that she intended to proceed only on the Amended Complaint. Id.

In September 2013, Plaintiff filed a Second Amended Complaint against all of the Defendants alleging race and disability discrimination. See d/e 9. Plaintiff also attached numerous documents to her Second Amended Complaint. Much of the following information is taken from the attachments to the Second Amended Complaint.

In June 1998, Plaintiff was hired into the Office of Secretary of State, Department of Public Information. See d/e 9-4, p. 4. In December 2009, Plaintiff was transferred, at her request, to Administrative Hearings Support Services in Springfield, Illinois. Id. Plaintiff worked as an Operations Associate. See d/e 9-1, p. 7.

Defendant Westnedge was Plaintiff's supervisor. Id. at 5. Defendant Caskey was the acting supervisor when Westnedge was on a leave of absence from June 2010 to November 2010. Id.

Defendants Westnedge and Caskey were unhappy with the speed at which Plaintiff worked, particularly with respect to processing the mail. Plaintiff was suspended at least twice for allegedly failing to complete her job duties. Plaintiff believes that Westnedge and Caskey contributed to Plaintiff's inability to complete certain of her tasks by assigning her other tasks that took her away from her daily duties. See d/e 9-4 p. 1-2.

According to Plaintiff, Westnedge and Caskey treated Plaintiff in this manner because of her race. See d/e 9-4, p. 7. Non-African-American employees were treated differently. See d/e 9-4, p. 7. Plaintiff identifies two non-African-American employees who were not required to process all of the mail, received help with processing the mail, and were not disciplined for failing to process all of the mail each day. See d/e 9-4, p. 7.

Plaintiff also alleges she was discriminated against on the basis of a disability. Plaintiff's doctor diagnosed Plaintiff with acute stress disorder and requested that Plaintiff be transferred to a different department with a different supervisor so that Plaintiff would not have a stroke, heart attack, and/or nervous breakdown. See d/e 9-6, p. 10.

Plaintiff requested accommodations for her alleged disability four times. See Compl. IV., p. 6, ¶ 4 (d/e 9). On March 8, 2011, Plaintiff requested a transfer to a different department. Id. Plaintiff alleges other co-workers received transfers. In September 2012, Plaintiff sought a transfer to an Operations Associate position in Cook County. See d/e 9-6, p. 8. In October 2012, Plaintiff's employer denied her request for a reasonable accommodation in the form of a transfer. See d/e 9-6, p. 10.

In August 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging disability

discrimination.  <u>See</u> d/e 9-6, p. 3.  On September 2, 2012, the EEOC sent Plaintiff a right-to-sue letter.  <u>See</u> d/e 9-6, p. 4.

Documents attached to the Second Amended Complaint reflect that Plaintiff was approved for a non-service disability leave on January 3, 2013 with a return-to-work date of May 21, 2013.  <u>See</u> d/e 9-6, p. 21.  However, Plaintiff's request to proceed in forma pauperis filed in October 2013 reflects that she is currently unemployed.  <u>See</u> Application to Proceed In Forma Pauperis (d/e 15).

In the Second Amended Complaint, Plaintiff seeks back pay; an order that the Secretary of State place Plaintiff in a different department; compensatory and punitive damages; an injunction against any further discrimination; an order that the Secretary of State reasonably accommodate Plaintiff by putting her in a better employment opportunity; fees, litigation expenses and costs of the action; and such further relief as may be just and proper.  Plaintiff also requests a bench trial.

Defendants filed a Motion to Dismiss asserting that Plaintiff failed to state a claim for race and disability discrimination.  Defendant White also argues that the racial discrimination claim against him in his official capacity must be dismissed because the Secretary of State's office is not a

person within the meaning of 42 U.S.C. § 1983 and because the claim for damages is barred by the Eleventh Amendment and sovereign immunity.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction because Plaintiff's claims are based on federal law.  <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  Venue is proper because the events giving rise to the claim occurred in Sangamon County, Illinois.  <u>See</u> 28 U.S.C. § 1391(b)(2) (a civil action may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred).

## III. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  <u>Christensen v. Cnty. of Boone</u>, 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims.  <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff,

accepting all well-pleaded allegations as true and construing all reasonable inferences in her favor.  Id.  However, the complaint must set forth facts that plausibly demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  Plausibility means alleging factual content that allows the Court to reasonably infer that the defendants are liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient.  Id.

## IV.  ANALYSIS

### A.    Plaintiff States a Plausible Claim of Race Discrimination Against Defendants Westnedge and Caskey

Defendants interpret Plaintiff's race discrimination claim as one brought under the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.  Plaintiff does not object to this characterization.  See Pl. Resp., d/e 24, p. 1.

To state a claim pursuant to § 1983, Plaintiff must allege (1) that she was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation occurred based on an act of someone acting under color of state law.  Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)).  A plaintiff

may use § 1983 to sue for a deprivation of one's rights under the Equal Protection Clause.  See <u>Lavalais v. Village of Melrose Park</u>, 734 F.3d 629, 634 (7th Cir. 2013) (finding the plaintiff stated a § 1983 claim based on race discrimination in violation of the Equal Protection Clause).  A plaintiff bringing a § 1983 race discrimination claim does not need to exhaust administrative remedies before bringing suit in federal court.  See <u>Elliott v. Dedelow</u>, 115 Fed. Appx. 881, 883 (7th Cir. 2004) (unpublished) ("[T]here is no exhaustion requirement applicable to § 1983"); <u>Trigg v. Fort Wayne Cmty. Schs.</u>, 766 F.2d 299, 302 (7th Cir. 1985) ("A plaintiff may sue her state government employer for violations of the Fourteenth Amendment through § 1983 and escape Title VII's comprehensive remedial scheme, even if the same facts would suggest a violation of Title VII").

Defendants argue that Plaintiff fails to state a claim or plead any facts that establish a right to relief under the Equal Protection Clause.  According to Defendants, Plaintiff does not allege any facts to show that she is a member of a protected class, that the denial of a transfer was due to her race, that coworkers who were granted a transfer were members of the unprotected class and similarly situated to Plaintiff, or that Defendants acted with discriminatory intent.

This Court must construe pro se complaints liberally and hold pro se litigants to a less stringent standard that is imposed on pleadings drafted by lawyers.  <u>Arnett v. Webster</u>, 658 F.3d 742, 751-52 (7th Cir. 2011) (finding, upon a review of the complaint and attached documents, that the pro se plaintiff stated a claim).  Moreover, the Seventh Circuit has, even after <u>Twombly</u>, 550 U.S. 544, and <u>Iqbal</u>, 556 U.S. 662, "reaffirmed the minimal pleading standard for simple claims of race or sex discrimination." <u>Tamayo</u>, 526 F.3d at 1084, reaffirming <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998) (holding that a plaintiff alleging a race discrimination claim does not have to plead evidence); <u>see</u> <u>also</u> <u>Swanson v. Citibank, N.A.</u>, 614 F.3d 400, 404 (7th Cir. 2010) (noting that "[a] plaintiff who believes that she has been passed over for a promotion because of her [gender] will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and the job went to someone else").

In this case, under a liberal construction of the Second Amended Complaint and the attachments thereto, Plaintiff has alleged a plausible claim of race discrimination.  Plaintiff alleges that she is black, was disciplined for not completing her job duties, and was denied a transfer. Plaintiff alleges that other workers outside of the protected class who did

not complete their job duties were not disciplined.  Moreover, even if the discipline was warranted, an employer cannot discipline a black employee more severely than a white employee when they share similar shortcomings.  See Rodgers v. White, 657 F.3d 511, 517 (7th Cir. 2011).  Plaintiff also alleges that other workers were allowed to transfer.

Defendants cite Park v. Indiana Univ. Sch. of Dentistry, 692 F.3d 828, 832 (7th Cir. 2012) in support of their argument that Plaintiff's Second Amended Complaint is deficient is distinguishable.  Park is distinguishable.

In Park, the plaintiff alleged that her dismissal from the state university's dental school violated the Equal Protection Clause.  The Seventh Circuit found that the plaintiff did not specifically plead that her race or her gender had anything to do with her dismissal from the dental school.  Id.  Moreover, the plaintiff did not plausibly allege discriminatory intent where the complaint contained only the single statement that the conduct was undertaken due to the plaintiff's race or gender.  Id. at 832.  The Court found this unsupported legal conclusion was insufficient to state a claim.  Id.

In contrast here, Plaintiff alleges she is within a protected class.  In addition, she attaches documents to her Second Amended Complaint that plausibly allege that Plaintiff was treated differently than other similarly

situated individuals outside the protected class.  Moreover, discriminatory

intent can be inferred from the allegations in her Second Amended

Complaint and the attachments thereto.  <u>See</u>, <u>e.g.</u>, <u>Bennett</u>, 153 F.3d at 518

(noting that "a plaintiff may want to allege intent–although this is implied

by a claim of racial 'discrimination'").  Therefore, Plaintiff has stated a

plausible claim of race discrimination under § 1983.

**B.    Plaintiff's Claims Against Defendant White in his Individual Capacity  and in his Official Capacity for Damages Are Dismissed**

Defendant White raises additional arguments in support of his

argument that the race discrimination claim against him should be

dismissed.  First, Defendant White argues that he cannot be sued in his

official capacity under § 1983 because he represents the Secretary of State's

executive office, which is not a "person" within the meaning of § 1983.

Second, Defendant White argues that the claim for damages is barred by

the Eleventh Amendment and sovereign immunity.

Section 1983 provides that "every person" acting under color of law

who deprives another of the rights, privileges, or immunities secured under

the Constitution and laws is liable to the party injured.  42 U.S.C. § 1983.  A

State is not a person within the meaning of § 1983.  <u>Will v. Michigan Dep't</u>

<u>of State Police</u>, 491 U.S. 58, 71 (1989).  Moreover, when a plaintiff sues a

state official in his official capacity for damages, the suit is considered as having been brought against the State, and the state official is not a "person" for purposes of § 1983. Id. at 71 n. 10. However, when a plaintiff sues a state official in his official capacity seeking prospective injunctive relief, the state official is considered a person under § 1983 "because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Id. at 71 n. 10, quoting Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985).

Here, Plaintiff seeks both damages and prospective injunctive relief. The prospective relief includes placement to a different department, an injunction against further discrimination, and an order directing the Secretary of State to reasonably accommodate Plaintiff. While Defendant White in his official capacity is not considered a person under § 1983 for Plaintiff's claim for damages against him, he is considered a person under § 1983 for Plaintiff's official-capacity claim for prospective injunctive relief.

Further, Plaintiff's claim for damages against Defendant White in his official capacity is also barred by the Eleventh Amendment. A suit against the State, or a state official in his official capacity, is barred by the Eleventh Amendment unless: (1) Congress has abrogated the State's immunity from suit, (2) a State has waived its immunity and consented to suit, or (3) the

suit is one for prospective injunctive relief pursuant to <u>Ex Parte Young</u>, 209 U.S. 123, 159-60 (1908). <u>Sonnleitner v. York</u>, 304 F.3d 704, 717 (7th Cir. 2002).

Congress has not abrogated the State's immunity from suit and the State has not waived its immunity. However, because Plaintiff seeks prospective injunctive relief from Defendant White in his official capacity, that claim is not barred by the Eleventh Amendment. <u>Kashani v. Purdue Univ.</u>, 813 F.2d 843, 848 (7th Cir. 1987) (finding that the Eleventh Amendment does not bar "claims against the officials in their official capacities for the injunctive relief of reinstatement").

Whether Plaintiff brings the claim against Defendant White in his official or individual capacity, or both, is unclear. Therefore, the Court will assume she intended to bring both an official and individual capacity claim. Defendant White does not address the possibility of an individual capacity claim against him. Nonetheless, the Court notes that the Second Amended Complaint and attachments are devoid of any factual allegations suggesting that Defendant White was personally involved in the alleged Constitutional violation, that he acted or failed to act with reckless disregard for Plaintiff's rights, or that the conduct occurred at his direction or with his knowledge. See <u>Wolf-Lillie v. Sonquist</u>, 699 F.2d 864, 869 (7th Cir. 1983) ("An

individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation") (emphasis in original); Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir. 1986). Plaintiff's response to the Motion to Dismiss suggests, however, that Plaintiff may be able to allege facts in support of such a claim.  Therefore, any individual capacity claim against Defendant White is dismissed without prejudice.

C.      **Plaintiff States a Plausible ADA Claim Against Her Employer**

Defendants also seek to dismiss Plaintiff's disability discrimination claim.  Defendants assert that the Second Amended Complaint fails to plead any facts that would establish a right to relief under the ADA. Specifically, Defendants claim that Plaintiff fails to allege any facts that show she has a disability covered by the ADA, that Defendants Westnedge and Caskey were aware of Plaintiff's disability, that a transfer was an appropriate accommodation for her disability, or that Plaintiff was capable of performing the essential duties of the transfer position despite her disability.

Although not addressed by Defendants, the proper defendant in an ADA claim is the plaintiff's employer. See 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability"); 42 U.S.C. § 12111(2) (definition of "covered entity" includes "an employer, employment agency, labor organization, or joint labor-management committee"). Supervisors are not personally liable under the ADA. See Silk v. City of Chicago, 194 F.3d 788, 797 n. 5 (7th Cir. 1999) (holding that "a supervisor cannot be held liable in his individual capacity under the ADA"). Therefore, the Court construes Plaintiff's ADA claim as being brought against Plaintiff's employer, the Illinois Secretary of State Jesse White. The State of Illinois has waived Eleventh Amendment immunity with respect to the ADA. See 745 ILCS 5/1.5(d) (providing that a State employee, former employee, or prospective employee may bring an action under the ADA in State circuit court or federal court).

To establish a prima facie failure-to-accommodate claim, a plaintiff must show (1) that she is a qualified individual with a disability, meaning she can perform the essential functions of the job with or without a reasonable accommodation; (2) her employer was aware of her disability; and (3) her employer failed to reasonably accommodate her disability. See

<u>Kotwica v. Rose Packing Co., Inc.</u>, 637 F.3d 744, 747-48 (7th Cir. 2011); 42 U.S.C. § 12111(8) (defining "qualified person with a disability").

Defendants first argue that Plaintiff fails to allege she has a disability covered by the ADA. The ADA defines "disability" to include a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1)(A); <u>Powers v. USF Holland, Inc.</u>, 667 F.3d 815, 819 (7th Cir. 2011) (noting that "[m]erely having a physical injury or a medical condition is not enough" for a plaintiff to be considered disabled under the ADA). Major life activities include performing manual tasks, learning, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A). A major life activity also includes the operation of major bodily function, including neurological and brain function. 42 U.S.C. § 12102(2)(B). Although the mental or physical impairment must "substantially limit" a major life activity for an individual to be considered disabled, the 2008 amendments to the ADA clarified that the term "substantially limit" should be broadly construed in favor of expansive coverage. <u>See</u> 42 U.S.C. § 12102(4); ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (providing that the term "substantially limits" should be construed consistent with the findings and purposes of the ADA Amendments Act of 2008); <u>see also</u> 29 C.F.R. § 1630.2(j)(1)(i) (providing

that the term "substantially limits" is "not meant to be a demanding standard").

In light of Plaintiff's pro se status, which requires a liberal construction of the Second Amended Complaint, and the ADA Amendments Act of 2008, which expanded the ADA's coverage, the Court finds that, for purposes of the Motion to Dismiss, Plaintiff has sufficiently alleged she was disabled under the ADA. Plaintiff alleges she suffers from an acute stress disorder. The attachments to the Second Amended Complaint indicate that Plaintiff took a disability leave and is currently unemployed. These facts suggest that Plaintiff's stress disorder substantially limited Plaintiff's major life activity of working.

Defendants next argue that Plaintiff has not alleged that she was capable of performing the essential duties of the transfer position despite her disability. Plaintiff sufficiently alleges she was qualified to perform the essential functions of the job, Operations Associate, with or without a reasonable accommodation. The October 5, 2012 denial of Plaintiff's request for a reasonable accommodation reflects that Plaintiff's doctor indicated that she could perform all of the job duties required by her position as Operations Associate. Moreover, the attachments to the Second Amended Complaint include at least one performance review that found

Plaintiff met performance standards.  Plaintiff had also been performing the job for over two years when she was denied the transfer to another Operations Associate position.  See, e.g., Gogos v. AMS Mech. Sys., Inc., 737 F.3d 1170, 1173 (7th Cir. 2013) (finding the plaintiff sufficiently alleged he was qualified to perform the essential functions of the job where the plaintiff alleged he had 45 years of experience and worked in the job for more than one month before he was fired).

Defendants also argue that Plaintiff has not alleged that Defendants Westnedge and Caskey were aware of Plaintiff's disability.  As noted above, however, the proper defendant in an ADA claim is the plaintiff's employer. In this case, Plaintiff has sufficiently alleged that her employer was aware of her disability.  Plaintiff requested a reasonable accommodation and specifically referenced her acute stress disorder.

Defendants last argue that Plaintiff has not alleged that a transfer was an appropriate accommodation for her disability.  The Court notes that in cases decided prior to the 2008 Amendments to the ADA, the Seventh Circuit has held that a transfer away from particular supervisors is not required as a reasonable accommodation under the ADA.  See Weiler v. Household Finance Corp., 101 F.3d 519, 526 (7th Cir. 1996) (finding, on review of a grant of summary judgment, that the ADA did not require that

the defendant transfer the plaintiff to work for a different supervisor). The Seventh Circuit has also held that

a personality conflict with a supervisor that causes anxiety and depression does not necessarily establish a disability. See Schneiker v. Fortis Ins. Co., 200 F.3d 1055, 1062 (7th Cir. 2000) (holding, on review of a grant of summary judgment, that a personality conflict between an employer and her supervisor is not enough to establish that the employee is disabled if she can still perform the job under a different supervisor), citing Weiler, 101 F.3d at 524-25; but see Palmer v. Circuit Court of Cook County, 117 F.3d 351, 352 (7th Cir. 1997) (holding that "if a personality conflict triggers a serious mental illness that is in turn disabling, the fact that the trigger was not itself a disabling illness is no defense"). However, these are issues better addressed on a motion for summary judgment. At this stage, Plaintiff has alleged a plausible ADA claim against her employer, Illinois Secretary of State Jesse White.

### D. Plaintiff Has Not Sufficiently Alleged Any State Law Claims

In her response to the Motion to Dismiss, Plaintiff asserts that one of her claims is a state law discrimination claim.

Prior to 2007, the Illinois Human Rights Commission had exclusive jurisdiction over civil rights violations. See Mendez v. Perla Dental, 646

F.3d 420, 422 (7th Cir. 2011) (noting that a state law claim that was inextricably linked with the Act was preempted), citing 775 ILCS 5/8-111(C); see also Lynch v. Dep't of Transp., 979 N.E.2d 113, 118 (Ill. App. 2012) (noting that prior to the 2008 amendments, the Commission had exclusive jurisdiction to hear civil rights claims under the Act after the administrative remedies before the Department were exhausted), citing 775 ILCS 5/7A-102 (F), (G) (West 2006). In 2008, the statute was amended to allow complainants to seek review with the Commission or to commence a civil action in the circuit court. 775 ILCS 5/7A-102(D)(3), (D)(4), (F); see also De v. City of Chicago, 912 F.Supp.2d 709, 731 (N.D. Ill. 2012) (stating that the majority of district courts in the Seventh Circuit have found that federal district courts have subject matters jurisdiction over Illinois Human Rights Act claims based on supplement jurisdiction).

Plaintiff has not alleged facts in her Second Amended Complaint suggesting she filed a charge of race discrimination with the Illinois Human Rights Commission. Although an earlier version of Plaintiff's complaint contained a March 2011 Charge of Discrimination filed by Plaintiff with the Illinois Department of Human Rights alleging race discrimination (see d/e 4-3, p. 2), Defendants were not put on notice by the Second Amended Complaint that Plaintiff was potentially bringing a state law race

discrimination claim under the Illinois Human Rights Act.  Moreover, sovereign immunity may bar Plaintiff's claim against the State.  See <u>Lynch</u>, 979 N.E.2d at 120 (noting that the State of Illinois has not waived its sovereign immunity for claims under the Illinois Human Rights Act and that a state employee's remedy for violations of the Human Rights Act is with the Commission); <u>Harris v. Illinois</u>, 753 F.Supp.2d 734 (N.D. Ill. 2010) (finding the State of Illinois has not waived its sovereign immunity for Illinois Human Rights Act claims and dismissing the claim without prejudice to be refiled in the Illinois Court of Claims).  Plaintiff's state law race discrimination claim is dismissed without prejudice and with leave to replead.

Plaintiff also claims that she has alleged a negligent infliction of emotional distress claim. To plead such a claim, a plaintiff must allege duty, breach, causation, and damages.  <u>Corgan v. Muehling</u>, 143 Ill. 2d 296, 306 (1991).

Plaintiff did not plead sufficient facts to put Defendants on notice of such a claim.  However, in her response to the Motion to Dismiss, Plaintiff states she is entitled to compensatory damages for the negligent infliction of emotional distress caused by the failure to transfer her to another department.  Because Plaintiff may be able to state a claim for negligent

infliction of emotional distress, Plaintiff is granted leave to amend her complaint to allege such a claim.

Plaintiff is advised that her Third Amended Complaint will replace the Second Amended Complaint in its entirety and must be complete in itself without reference to the original complaint. See Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n. 1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void"). Therefore, Plaintiff must include all of the allegations in her Third Amended Complaint and attach all of the documents she wishes to attach.

In sum, Plaintiff has plausibly alleged (1) a § 1983 race discrimination against Defendant Westnedge, Defendant Caskey, and Defendant Illinois Secretary of State Jesse White, in his official capacity for prospective relief only; and (2) an ADA claim against her employer, Illinois Secretary of State Jesse White. Plaintiff is granted leave to amend her complaint to add (1) a § 1983 race discrimination claim against Defendant White in his individual capacity if Plaintiff can allege facts suggesting that Defendant White was personally involved in the alleged Constitutional violation, that he acted or failed to act with reckless disregard for Plaintiff's rights, or that the conduct occurred at his direction or with his knowledge; (2) a state law claim of race

discrimination under the Illinois Human Rights Act; and (3) a negligent infliction of emotional distress claim.

## V. **CONCLUSION**

For the reasons stated, Defendants' Motion to Dismiss (d/e 22) is GRANTED IN PART and DENIED IN PART. Plaintiff has stated a plausible § 1983 race discrimination claim against Defendants Westnedge and Caskey, as well as Defendant White in his official capacity for prospective injunctive relief only. Plaintiff has also stated a claim against her employer, Illinois Secretary of State Jesse White, under the Americans with Disabilities Act (ADA). The § 1983 race discrimination claim against Defendant White in his individual capacity is DISMISSED WITHOUT PREJUDICE and with leave to replead. The claim for damages against Defendant White in his official capacity is DISMISSED WIT H PREJUDICE. The claims against Defendants Westnedge and Caskey under the ADA are DISMISSED WITH PREJUDICE. Finally, Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE, with leave to replead. Plaintiff is granted until February 24, 2014 to file a Third Amended Complaint if she so desires. If she does not do so, the Court will assume that she intends to stand on her Second Amended Complaint. If Plaintiff files a Third Amended Complaint, Defendants shall answer or otherwise

plead on or before March 10, 2014.  If Plaintiff does not file a Third

Amended Complaint, Defendants shall file an Answer to the Second

Amended Complaint on or before March 10, 2014.

ENTER: February 10, 2014

FOR THE COURT:


          s/Sue E. Myerscough
           SUE E. MYERSCOUGH
        UNITED STATES DISTRICT JUDGE