E-FILED
Tuesday, 30 December, 2014 02:46:19 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARION MAKEDA-PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-3312 |
| ILLINOIS SECRETARY OF STATE JESSE WHITE, DENISE WESTNEDGE, and MISTY CASKEY, | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on the Motion to Strike (d/e 76) filed by Plaintiff Marion Makeda-Phillips, who is proceeding pro se. The Motion is DENIED. The affirmative defenses asserted by Defendants Jesse White in his official capacity as the Illinois Secretary of State, Denise Westnedge, and Misty Caskey are sufficiently pleaded.

## I. BACKGROUND

In November 2014, Defendants filed an Answer to Fourth Amended Complaint and Affirmative Defenses (d/e 69). The

affirmative defenses included qualified immunity, Eleventh Amendment immunity, sovereign immunity, statute of limitations, res judicata, and failure to exhaust administrative remedies. Plaintiff timely filed a Motion to Strike (d/e 71), but failed to include a certificate of service. Therefore, this Court struck the Motion with leave to refile. See December 17, 2014 Text Order.

On December 24, 2014, Plaintiff filed the Motion to Strike at issue herein. Plaintiff asks the Court to strike the answer and the affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f)(2). Plaintiff then lists four cases, citing one case twice, with no explanation of how the cases support Plaintiff's motion.

That same day, Defendants filed a response that consisted primarily of the statement that counsel could "discern no valid legal reason raised by the motion to strike for the Court to take the action Plaintiff requests." See Resp. ¶ 3 (d/e 78). While Plaintiff's Motion is not the model of clarity, pro se pleadings must nonetheless be liberally construed. See, e.g., Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998) (holding that "district courts

must construe pro se pleadings liberally"). The Court construes Plaintiff's Motion as a motion to strike the affirmative defenses.

## II. LEGAL STANDARD

When a defendant responds to a pleading, the defendant must affirmatively state any affirmative defense. Fed. R. Civ. P. 8(c). Rule 8(c)(1) lists several affirmative defenses, including res judicata and statute of limitations. Fed. R. Civ. P. 8(c)(1). However, the list is not exhaustive. See Native Am. Arts, Inc. v. Waldron Corp., 253 F.Supp.2d 1041, 1045 (N.D. Ill. 2003); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1271 (3d ed. 2004).

Pursuant to Rule 12(f) of the Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). However, if a motion to strike removes unnecessary clutter from the

case, then the motion serves to expedite, not delay, the proceedings. Id.

Generally, a court will strike an affirmative defense only if the defense is insufficient on its face. Heller, 883 F.2d at 1294 (also providing that a court will ordinarily not strike an affirmative defense if it is sufficient as a matter of law or presents questions of law or fact). Because affirmative defenses are pleadings, they are subject to the pleading requirements of the Federal Rules of Civil Procedure and must set forth a "short and plain statement" of that defense. Id. (citing Fed. R. Civ. P. 8(a)).

Although the Seventh Circuit has not addressed whether the heightened pleading standard set forth in Bell Atl. Corp. v. Twombly, 530 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009) applies to affirmative defenses, several courts in this Circuit have found that the heightened pleading standard does apply to affirmative defenses. See Sarkis' Cafe, Inc. v. Sarks in the Park, LLC, --- F. Supp. 2d ---, No. 12 C 9686, 2014 WL 3018002, at *4 (N.D. Ill. July 3, 2014) (citing cases). These courts examine whether the defendant states an "affirmative defense to relief that is

plausible on its face."  SEC v. Sachdeva, No. 10-C-747, 2011 WL 933967 at *1 (E.D. Wisc. Mar. 16, 2011).  However, whether the heightened pleading standard applies likely makes little difference.  Factual allegations that were sufficient before Twombly and Iqbal will likely still be sufficient, and "bare bones" affirmative defenses have always been insufficient.  See Shield Techs. Corp. v. Paradigm Positioning, LLC, No. 11 C 6183, 2012 WL 4120440 at *8 (N.D. Ill. Sept. 19, 2012).  In any event, if an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a).  See Heller, 883 F.2d at 1294.

### III. ANALYSIS

None of Defendants' affirmative defenses are insufficient on their face.  Each defense is a proper affirmative defense, and Defendants set forth the basis of each of the defenses.  The cases cited by Plaintiff do not support her argument that the Court should strike the affirmative defenses.  See Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir. 1986) (noting that to state a claim against the director in his official capacity, the plaintiff had to show "that the actions of the offending officers were taken pursuant to an

official—albeit impermissible—policy"); Wilson v. Edward Hosp., 981 N.E. 2d 971, 980 (Ill. 2012) (holding that actual agency and apparent agency are not separate claims for purposes of res judicata); Rekhi v. Wildwood Enterprises, Inc., 579 N.E.2d 1189, 1192 (Ill. App. Ct. 1991) (holding that Illinois Department of Labor proceedings under the Illinois Wage Payment and Collection Act are not judicial in nature and have no res judicata effect); Chowdhury v. Reading Hosp. and Med. Ctr., 677 F.2d 317, 322 (3d Cir. 1982) (holding that administrative exhaustion was not required for a private action for individual injunctive relief under section 601 of Title VI, which bars discrimination in any program receiving federal financial assistance). Therefore, the Court will not strike Defendants' affirmative defenses.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion to Strike (d/e 76) is DENIED.

ENTER: December 30, 2014
FOR THE COURT:

                                      s/Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE